Ivan JORDAN, 10836055, Plaintiff,

v.

State of NEW YORK, City of Rochester, and County of Monroe, Defendants.

No. 04–CV–6367L(FE).

United States District Court, W.D. New York.

Oct. 29, 2004.

Ivan Jordan, Bradford, PA, Pro se.

**DECISION AND ORDER**

LARIMER, District Judge.

**INTRODUCTION**

Plaintiff Ivan Jordan, an inmate of the Buffalo Federal Detention Center, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, City of Rochester, County of Monroe, and State of New York, violated his constitutional rights. He claims that he was wrongly prosecuted and sentenced as an adult when he was still a juvenile. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff was prosecuted as an adult and, on May 5, 1976, was sentenced to serve an indeterminate term of four to fifteen years in New York State prison. He was incarcerated until September 1986. In December 1986, because he needed a copy of his birth certificate for employment, plaintiff "discovered" that he was born a year later than he had previously thought. Plaintiff was born on March 28, 1960, rather than 1959 as indicated on his school records. Therefore, he was actually fifteen years old when he was arrested on December 14, 1975.

Plaintiff brought this information to the attention of his assigned attorney, and, in July 1987, counsel filed a motion pursuant to New York CPL § 440.10 challenging his conviction. The first motion was denied, but plaintiff continued to pursue his challenges and on December 3, 2003, New York State Supreme Court, Justice David D. Egan, granted his motion to vacate his conviction because the Court lacked jurisdiction over him.

Plaintiff is now seeking damages for the years he spend wrongfully imprisoned. He claims that defendants violated his right to counsel, failed to afford him the procedural protections guaranteed by the

Fourteenth Amendment, and subjected him to cruel and unusual punishment by incarcerating him with adults.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to set forth a cognizable constitutional claim.

■■■ Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir.1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir.1994)). The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver

of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The State of New York has not consented to this action. Therefore, the State of New York is entitled to sovereign immunity, and all claims against the State of New York are dismissed.

■■■ Moreover, although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, local governments such as the City of Rochester and County of Monroe may not be held liable under § 1983 *unless* the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory. *Collins v. City of Harker Heights*, 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir.1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.").

■ Here, plaintiff does not provide any basis for claiming that the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of the City of Rochester or the County of Monroe, and thus plaintiff has failed to state a § 1983 claim against these defendants. To the extent that plaintiff's action could proceed against anyone, the claims would have to be brought against the individuals, acting under color of state law, who were responsible for the violation of plaintiff's constitutional rights. He has not named any individuals as defendants to this action, and therefore the action is subject to dismissal.

■ If the only defect in plaintiff's complaint were that he had neglected to name a proper party defendant, the Court would grant him leave to file an amended complaint correcting that defect. Here, however, it is clear that it would be futile to do so, since plaintiff cannot make out a viable claim against anyone. *See Gomez v. USAA Federal Sav. Bank,* 171 F.3d 794, 796 (2d Cir.1999) (*pro se* plaintiff should ordinarily be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility that an amended complaint would succeed in stating a claim).

■ For one thing, it does not appear from the complaint that anyone involved in the relevant events was aware at the time of plaintiff's true age. There is no evidence from plaintiff that he ever told anyone of his juvenile status when the initial charges were prosecuted. Plaintiff himself was unaware of his actual birthdate until

after his release from prison in 1986, ten years after his conviction. Prior to that, he was under the mistaken impression that he had been born in 1959, and there is no indication whatsoever that anyone involved in his criminal prosecution knew otherwise. In fact, Justice Egan stated in his December 3, 2003 Decision [1] that "trial exhibits show [Jordan's] school records consistently reflect March 1959 as [his] month and year of birth, and the sole discrepancy on them relates to the day of his birth." Complaint Ex. D.[2]

■ There are other defects with plaintiff's claims as well. First, the statute of limitations applicable to claims brought under § 1983 in New York is three years. *Patterson v. County of Oneida, N.Y.,* 375 F.3d 206, 225 (2d Cir.2004). That means that nearly all of plaintiff's claims, including his claims under the Sixth and Eighth Amendments, would be time-barred, since plaintiff was convicted in 1976 and released from prison in 1986.

■ Conceivably, a claim based on a theory of malicious prosecution would not be time-barred, since such a cause of action accrues when a criminal proceeding terminates in the plaintiff's favor. *DiBlasio v. City of New York,* 102 F.3d 654, 657–58 (2d Cir.1996). Here, that did not occur until the issuance of Justice Egan's December 2003 Decision.

■ Based on the allegations of his complaint, there is no one against whom plaintiff would be able to state a viable claim, however. The prosecutor from plaintiff's criminal trial could not be sued,

1. Documents that are attached to the complaint are considered part of the pleadings and may therefore properly be considered in determining whether the plaintiff has stated a valid cause of action. *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir.2004).

2. Justice Egan also stated that Jordan's aunt testified that Jordan was born March 27, 1960, but that testimony was given not at Jordan's criminal trial, but at a hearing on his § 440.10 petition.

since state prosecutors are absolutely immune from claims arising from actions taken in their prosecutorial capacity. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Blouin ex rel. Estate of Pouliot v. Spitzer,* 356 F.3d 348, 357 (2d Cir.2004). *See, e.g., Imbler,* 424 U.S. at 416, 431 n. 34, 96 S.Ct. 984 (holding that prosecutors are entitled to absolute immunity "in initiating a prosecution and in presenting the State's case," even where the prosecutor willfully used perjured testimony and willfully suppressed exculpatory information at trial); *Cousin v. Small,* 325 F.3d 627, 635 (5th Cir.2003) (a prosecutor's "suppression of exculpatory evidence is shielded by absolute immunity"). The judge in plaintiff's criminal trial would likewise be entitled to absolute immunity. *See Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir.1990) (a judge "will not be deprived of immunity [even if] the action he took was in error, was done maliciously, or was in excess of his authority").

 Finally, the attorney who represented plaintiff at his criminal trial could not be sued under § 1983, since criminal defense attorneys, even if appointed by the court to represent the defendant, are not considered to be state actors for purposes of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 318–19, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that public defenders do not act "under color of state law" and therefore are not subject to suit under § 1983); *Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir.1997) ("it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983").

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.