116 F.3d 62
 Robert RODRIGUEZ, Plaintiff-Appellant,
v.
Earle F. WEPRIN, Defendant,
and
Charles J. Hynes; Elizabeth Holtzman; Jane Sutley; Martin
H. Brownstein, John Doe; David M. Epstein; Jack
Jordan; Peter A. Weinstein;
Defendants-Appellees.
 No. 15, Docket 95-2416.
 United States Court of Appeals,
Second Circuit.
 Submitted April 1, 1997.
Decided June 19, 1997.
 
 1
 Robert Rodriguez, pro se, Napanoch, NY (on submission), for Plaintiff-Appellant.
 
 
 2
 Paul A. Crotty, Corporation Counsel of the City of New York, New York City (Leonard Koerner and Pamela Seider Dolgow, of counsel, on submission), for Defendants-Appellees Charles J. Hynes, Kings County District Attorney, Elizabeth Holtzman, Jane Sutley, and Peter A. Weinstein.
 
 
 3
 Dennis C. Vacco, Attorney General of the State of New York, New York City (Barbara G. Billet, Solicitor General, Thomas D. Hughes, Deputy Solicitor General, Carolyn Cairns Olson, Assistant Attorney General, of counsel, on submission), for Defendants-Appellees Martin H. Brownstein and John Doe.
 
 
 4
 Steven Verveniotis, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City (Brett A. Scher, of counsel, on submission), for Defendant-Appellee David M. Epstein.
 
 
 5
 Before: OAKES and KEARSE, Circuit Judges, and MURTHA, District Judge.*
 
 MURTHA, District Judge:
 
 6
 Plaintiff-appellant Robert Rodriguez appeals from a judgment entered in the United States District Court for the Eastern District of New York, Weinstein, J., denying his claims for relief arising from the alleged unconstitutional delay in state appellate review of his felony convictions. Because we agree that the appellant is not entitled to the relief he seeks, we affirm the judgment of the district court.
 
 I. BACKGROUND
 
 7
 In December 1983, a New York state jury convicted Rodriguez of four counts of second degree murder and one count of first degree attempted robbery. The court imposed a sentence of fifty years to life imprisonment.
 
 
 8
 In January 1984, the appellant filed his notice of appeal to the New York Appellate Division, Second Department. Pursuant to Rodriguez's request, on July 19, 1984, the Appellate Division assigned Attorney Earle F. Weprin as his counsel. On January 18, 1985, Rodriguez moved to replace Attorney Weprin with Attorney Lawrence J.D. Mort, his former trial counsel, a request which the Appellate Division granted in February 1985.
 
 
 9
 On September 22, 1987, Rodriguez asked the court to assign new counsel in place of Attorney Mort. It was not until mid-May 1988 that the Appellate Division granted Rodriguez's motion and assigned David M. Epstein as new appellate counsel.
 
 
 10
 On April 4, 1989, Epstein filed his appellate brief. Because of an apparent disagreement with Epstein, on October 10, 1989, Rodriguez again asked the Appellate Division to assign him new counsel. The Appellate Division denied this request; however, it granted Rodriguez permission to file a supplemental appellate brief pro se.
 
 
 11
 In April 1990, Rodriguez filed a petition for a writ of habeas corpus in the Eastern District of New York in which he claimed ineffective assistance of counsel. Several months later, Judge Weinstein dismissed the petition. See Rodriguez v. Hoke, No. 90-CV-1304, 1990 WL 91739 (E.D.N.Y. June 22, 1990). On appeal, this Court remanded the action so that the district court could determine whether the state court's alleged delay in considering Rodriguez's direct appeal violated his due process rights. See Rodriguez v. Hoke, No. 90-2344 (2d Cir. Dec. 11, 1990).
 
 
 12
 Meanwhile, on November 9, 1990, the district attorney filed his responsive brief in the Appellate Division. Around this time, Rodriguez requested access to certain state court records and moved for an extension of time to file his pro se supplemental brief. The Appellate Division denied his requests. On September 23, 1991, seven years and eight months after he filed his notice of appeal, the Appellate Division affirmed Rodriguez's convictions. See People v. Rodriguez, 176 A.D.2d 299, 574 N.Y.S.2d 399 (2d Dep't 1991), appeal denied, 79 N.Y.2d 863, 588 N.E.2d 770, 580 N.Y.S.2d 735 (1992), recons. denied, 79 N.Y.2d 1053, 596 N.E.2d 419, 584 N.Y.S.2d 1021 (1992).
 
 
 13
 On remand from this Court and after the Appellate Division had affirmed Rodriguez's conviction, Eastern District of New York Magistrate Judge Joan M. Azrack held an evidentiary hearing on Rodriguez's habeas petition. Magistrate Judge Azrack opined that the state court's length of delay in processing Rodriguez's appeal suggested a due process violation. She further found the delay was caused by the combined actions of the Appellate Division, the District Attorney's office and the petitioner himself and his retained counsel. Nevertheless, Magistrate Judge Azrack concluded that the appellant had not demonstrated he had suffered prejudice as a result of the delay in his appeal and therefore recommended the petition be denied. On December 2, 1991, Judge Weinstein accepted the Magistrate Judge's report and recommendation and dismissed the petition. Rodriguez did not appeal this decision. See generally Joint Appendix at 48-49.
 
 
 14
 On September 20, 1994, Rodriguez filed the instant civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988. In his complaint, he names as defendants the Kings County District Attorney Charles J. Hynes, former Kings County District Attorney Elizabeth Holtzman, former Kings County Assistant District Attorneys Jack Jordan, Jane Sutley and Peter A. Weinstein, Chief Clerk of the New York State Appellate Division, Second Department, Martin Brownstein, a pro se clerk with the Second Department identified as "John Doe," and his former attorneys, David M. Epstein and Earle F. Weprin. The gravamen of Rodriguez's complaint is that all the appellees contributed to the delay of over seven years in resolution of his direct appeal from his state criminal convictions in violation of his constitutional rights. He further alleges he was denied his right of access to courts when the court clerks and prosecutors failed to provide him with certain documents.
 
 
 15
 Construing Rodriguez's pleading as both a civil rights complaint and as a petition for a writ of habeas corpus, Judge Weinstein denied the appellant relief. Judge Weinstein relied upon a variety of grounds in dismissing the action, including: (1) Rodriguez's former attorneys had not acted under color of state law for § 1983 purposes; (2) his claims against various court officials are barred either by absolute or qualified immunity; (3) he had not demonstrated a violation of due process because the delay in resolving his appeal was not accompanied by substantial prejudice; and (4) Rodriguez's claims are barred by applicable statutes of limitation. See generally Rodriguez v. Hynes, No. 94-CV-4578(L), 1995 WL 350042 (E.D.N.Y. June 8, 1995).
 
 
 16
 When Rodriguez appealed, this Court assigned him counsel to address his habeas corpus claims. However, his assigned counsel moved to be relieved pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In addition, several appellees moved for summary affirmance of Judge Weinstein's ruling.
 
 
 17
 In March 1996, this Court issued an order which granted both the Anders motion and the motion for summary affirmance, except as to Rodriguez's § 1983 claims. See Rodriguez v. Hynes, No. 95-2416 (2d Cir. Mar. 6, 1996)(unpublished order). Accordingly, only Rodriguez's claims pursuant to 42 U.S.C. § 1983 remain.
 
 II. DISCUSSION
 
 18
 The district court's dismissal of Rodriguez's civil rights complaint is subject to de novo review on appeal. See, e.g., Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996). Although "less stringent standards" apply where, as here, a litigant is pro se, see Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir.1983)(per curiam), dismissal is nevertheless appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In dismissing Rodriguez's civil rights claims, Judge Weinstein relied on a variety of bases, including the expiration of the statute of limitations, the defendant's immunity from suit and substantive grounds. We affirm the district court on those grounds which we consider dispositive.
 
 
 19
 The appellant claims each appellee is partly responsible for depriving him of his right to a speedy appeal. A criminal defendant whose due process rights are violated by an excessive delay in the resolution of his direct appeal may bring an action pursuant to 42 U.S.C. § 1983. See Cody v. Henderson, 936 F.2d 715, 723 (2d Cir.1991); Diaz v. Henderson, 905 F.2d 652, 654 (2d Cir.1990); Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir.1990). To state a claim under § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924, 102 S.Ct. 2744, 2746-47, 73 L.Ed.2d 482 (1982).
 
 
 20
 Rodriguez has sued his former court-appointed appellate counsel, David Epstein. However, it is well-established that courtappointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983. See Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir.1979)(per curiam); accord Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453-54, 70 L.Ed.2d 509 (1981)(public defenders do not act under color of state law).
 
 
 21
 In addition, Rodriguez claims present and former Kings County District Attorneys Charles Hynes and Elizabeth Holtzman and Assistant District Attorneys Jane Sutley and Peter Weinstein are responsible for the delay in his appeal.** To the extent Rodriguez seeks damages from these appellees in their official capacities, the Eleventh Amendment bars his claims. See Hafer v. Melo, 502 U.S. 21, 30, 112 S.Ct. 358, 364, 116 L.Ed.2d 301 (1991); Kentucky v. Graham, 473 U.S. 159, 166-67, 105 S.Ct. 3099, 3105-06, 87 L.Ed.2d 114 (1985).
 
 
 22
 Moreover, absolute immunity bars Rodriguez's suit against the remaining appellees in their individual capacities.
 
 
 23
 Courts have extended the absolute judicial immunity afforded judges to individuals, such as prosecutors and witnesses, who perform functions closely associated with the judicial process. See Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985). Specifically, "[a]bsolute immunity will apply to a prosecutor's conduct that is 'intimately associated with the judicial phase of the criminal process,' but not to a prosecutor's acts of investigation or administration." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir.1994)(quoting Buckley v. Fitzsimmons, 509 U.S. 259, 270, 113 S.Ct. 2606, 2614, 125 L.Ed.2d 209 (1993)). Because Rodriguez's complaint against the district attorneys is related to their functions as trial or appellate advocates, they are entitled to absolute immunity from suit. Dory, 25 F.3d at 83.
 
 
 24
 Heretofore, this Court has found it unnecessary to determine whether and to what extent judicial immunity extends to a clerk of the court. See Dieffenbach v. Attorney General, 604 F.2d 187, 200 (2d Cir.1979). However, several other circuits have concluded that the same policies underlying immunity for judges also justify a similar grant of immunity to clerks for performance of tasks which are judicial in nature and an integral part of the judicial process. See, e.g., Sindram v. Suda, 986 F.2d 1459, 1460-61 (D.C.Cir.1993)(citing cases).
 
 
 25
 A court clerk may not be entitled to absolute immunity in all cases. See Le Grand v. Evan, 702 F.2d 415, 418 (2d Cir.1983)("Although we have not passed on the issue, many courts have accorded clerks only a qualified 'good faith' immunity from liability arising from ministerial acts."). However, Rodriguez's allegations indicate that judicial immunity should be extended to Appellate Division Clerk Martin Brownstein and Pro Se Clerk "John Doe" in the instant case.
 
 
 26
 The appellant claims these court clerks wrongfully denied his motion to expand the record on appeal. As to this claim, it appears that the Appellate Division judges, and not the named clerks, are responsible for denying Rodriguez access to records. See Transcript of 4/5/95 Hearing, Joint Appendix at 23-24 (indicating the Appellate Division denied appellant's application to obtain additional transcripts and expand the appellate record); see also N.Y. C.P.L.R. § 1102(b)(McKinney 1976)("A poor person may be furnished with a stenographic transcript without fee by order of the court ..."). Accordingly, these clerks are entitled to immunity for their alleged refusal of appellant's document request.
 
 
 27
 In addition, Rodriguez contends the court clerks violated his due process rights by failing to properly manage the court calendar and more quickly bring his appeal to fruition. See Joint Appendix at 24. A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433-34 n. 8, 113 S.Ct. 2167, 2170, 124 L.Ed.2d 391 (1993); see also Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997)("Hendrix, while acting as Clerk of the United States District Court for the Southern District of California, in many of his actions performed quasi-judicial functions as to which he was entitled to absolute immunity."); Oliva v. Heller, 839 F.2d 37, 39 (2d Cir.1988)(judicial immunity extends to law clerks where they are assisting judges performing judicial functions). Rodriguez's attempt to characterize the clerks' scheduling duties as "ministerial" is not dispositive. See Sindram, 986 F.2d at 1461. It is "the nature of the function performed, not the identity of the actor who performed it," that determines whether an individual is entitled to immunity. Forrester v. White, 484 U.S. 219, 229, 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988). Even "when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, ... that officer's immunity is also available to the subordinate." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir.1992), cert. denied, 506 U.S. 1062, 113 S.Ct. 1002, 122 L.Ed.2d 152 (1993). Thus, even if viewed as performing an administrative task, the court clerks are entitled to immunity for harms allegedly related to the delay in scheduling appellant's appeal.
 
 
 28
 Finally, the Court previously has reviewed the other claims Rodriguez brought before the district court and has found them to be without merit. See Rodriguez v. Hynes, No. 95-2416 (2d Cir. Mar. 6, 1996)(unpublished order). Having failed to state a viable civil rights claim, the appellant is not entitled to attorney's fees under § 1988.
 
 CONCLUSION
 
 29
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable J. Garvan Murtha, Chief Judge, of the United States District Court for the District of Vermont, sitting by designation
 
 
 **
 Their paralegal, defendant Jack Jordan, was never served in this action