Michael MCCLOUD, Plaintiff–Appellant,

v.

Leighton M. JACKSON et al., Defendants–Appellees.

No. 00–31.

United States Court of Appeals, Second Circuit.

Feb. 2, 2001.

---

Michael McCloud, Hudson Correctional Facility, Hudson, NY, pro se.

Salvatore Canonico, Esq., Canonico & Ostrowsky, Brooklyn, NY, for appellees.

Present OAKES, STRAUB and POOLER, Circuit Judges.

SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HERE-BY ORDERED, ADJUDGED AND DE-

CREED that the judgment of the District Court is hereby AFFIRMED.

Appellant Michael McCloud, *pro se,* filed a § 1983 complaint against Leighton Jackson, a court-appointed attorney assigned to represent Mr. McCloud at a parole revocation hearing, who also represented Mr. McCloud at two subsequent parole proceedings,[1] alleging that Jackson sexually harassed him, threatened him, and forced him to perform sexual favors in exchange for money and legal assistance. Mr. McCloud also stated that Jackson's actions constituted attorney malpractice and that Jackson breached the attorney/client privilege.

The United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge) sua sponte* dismissed Mr. McCloud's complaint for failing to state a claim on which relief could be granted, stating that Jackson could not be held liable under § 1983 because he did not act under color of state law. The District Court stated that McCloud could file an amended complaint, but noted that if the amended complaint were brought pursuant to § 1983, it had to allege wrongful conduct on the part of defendants who acted on behalf of the state.

Mr. McCloud filed an amended § 1983 complaint, seeking to withdraw Jackson as a defendant and add the following defendants: New York County; Jefferson County; Suffolk County (collectively "the county defendants"); the People of the State of New York; and the New York State Division of Parole. Mr. McCloud stated that all of the defendants were responsible for Jackson's actions because they appointed and paid Jackson and knew or should have known about Jackson's unethical tendencies. McCloud further alleged that the Division of Parole was liable for Jackson's conduct because it allowed Jackson to lie while representing McCloud at a state habeas corpus proceeding. He stated that the county defendants were liable because he was detained in each county in connection with his various parole proceedings.

The District Court *sua sponte* dismissed Mr. McCloud's amended complaint for failure to state a claim on which relief could be granted, finding that none of the defendants could be held liable under § 1983.

Mr. McCloud filed a timely notice of appeal and subsequently submitted an appellate brief, restating the arguments raised in his original complaint and his amended complaint. Jackson responds that Mr. McCloud makes only vague allegations and has failed to allege that Jackson acted under state law.

■■■ The District Court properly dismissed Mr. McCloud's § 1983 claim against Jackson. "To state a claim under § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law." *Rodriguez v. Weprin,* 116 F.3d 62, 65 (2d Cir.1997). "[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Id.* at 65–66. Although a court-appointed attorney is subject to § 1983 liability where he conspires with state officials to deprive his client of federal rights, *see Tower v. Glover,* 467 U.S. 914, 923, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), Mr. McCloud makes no allegations of such a conspiracy. To the extent that Jackson may have served

---

1. With respect to the subsequent parole proceedings, it is not clear whether Jackson acted as a court-appointed attorney or as privately-retained counsel.

as privately-retained counsel, rather than as a court-appointed attorney, he still could not be held liable under § 1983 because there was no showing that he worked with state officials to deprive Mr. McCloud of federal rights. *See Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998) (private parties may be held liable under § 1983 if they " 'jointly engaged with state officials in the challenged action.' ") (internal citations omitted).

The District Court's order did not address Mr. McCloud's attorney malpractice claim. Because Mr. McCloud does not address this claim on appeal, the claim is deemed waived. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir. 1995). In any event, the District Court appropriately dismissed Mr. McCloud's complaint in its entirety, including the malpractice component, because when all claims over which the district court has original jurisdiction are dismissed, the general rule is that state law supplementary claims should also be dismissed. *See* 28 U.S.C. § 1367(c)(3); *see also Lanza v. Merrill Lynch & Co.,* 154 F.3d 56, 61 (2d Cir.1998). Moreover, Mr. McCloud has never alleged, nor does the record provide any support for, jurisdiction over Mr. McCloud's malpractice claim based on diversity of citizenship. *See* 28 U.S.C. § 1332. Although Mr. McCloud sought more than $75,000 in damages, he has never alleged, nor does the record show, that the parties are citizens of different states.

The District Court properly dismissed Mr. McCloud's claims against the county defendants for appointing and paying Jackson, because "the doctrine of respondeat superior cannot be used to establish liability under Section 1983." *Blyden v. Mancusi,* 186 F.3d 252, 264 (2d Cir. 1999). Although, in limited circumstances, supervisors may be found liable under § 1983 for the actions of their subordinates, *id.,* the defendants were not engaged in a supervisory relationship with Jackson. In addition, a plaintiff seeking to impose liability on a municipality "must prove that a municipal 'policy' or 'custom' caused the deprivation." *Wimmer v. Suffolk County Police Dep't,* 176 F.3d 125, 137 (2d Cir.), *cert. denied,* 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d 310 (1999). Here, Mr. McCloud's pleadings neither mentioned nor suggested the existence of a municipal custom or policy. Furthermore, Mr. McCloud could not assert claims under § 1983 against the county defendants for holding him in jail because any claim for money damages which, as here, necessarily imputes the invalidity of a conviction, is barred under *Heck v. Humphrey,* 512 U.S. 477, 484, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), until such time as the conviction is vacated or otherwise invalidated.

Finally, the District Court properly dismissed Mr. McCloud's claims against the People of the State of New York and the New York State Division of Parole because the Eleventh Amendment bars suits against states and state agencies. *See Jones v. N.Y.S. Div. of Military & Naval Affairs,* 166 F.3d 45, 49 (2d Cir. 1999).

For the reasons set forth above, we AFFIRM the judgment of the District Court.