Nehemiah ROLLE, Plaintiff–Appellant,

v.

Alan L. HONOROF and Michael John Meenan, Defendants–Appellees.

No. 02–7344.

United States Court of Appeals, Second Circuit.

May 28, 2003.

Nehemiah Rolle, Roosevelt, NY, pro se.

Michael John Meenan, Mineola, NY, for Defendant–Appellee Michael John Meenan.

PRESENT: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE AT-TENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

In May 2001, Plaintiff–Appellant Nehemiah Rolle filed a pro se §§ 1983 and 1985 complaint in the United States District Court for the Eastern District of New York (Hurley, *J.*) against Alan L. Honorof, a Nassau County Court of Claims Judge who presided in criminal court proceedings as Acting Supreme Court Justice in Nassau County, and Michael John Meenan, Rolle's court-appointed Legal Aid attorney in those proceedings. The complaint alleged, inter alia, that Meenan coerced Rolle into pleading guilty and into referring private, paid criminal cases to Meenan, and that Judge Honorof conspired with Meenan to deprive Rolle of his constitutional right to represent himself. Rolle sought declaratory, injunctive, and other equitable relief preventing Judge Honorof from presiding over criminal cases in Nassau County, as well as $16 million in compensatory damages, and $4 million in punitive damages, from Meenan. In July 2001, the district court dismissed the complaint for failure to state a claim on which relief may be granted, without prejudice to Rolle's filing an amended complaint within

thirty days. The order stated that Rolle's failure to file an amended complaint within thirty days would result in dismissal of the original complaint with prejudice.

Rolle did not file an amended complaint in that action. Instead, in October 2001, he began a new §§ 1983 and 1985 action against Honorof and Meenan. The October complaint raised nearly identical claims, and sought nearly identical relief, as the previously dismissed May 2001 complaint. The district court dismissed the October complaint on two grounds. First, the court reasoned that, because Rolle failed to file an amended complaint within thirty days of the order dismissing the May complaint, that action was deemed dismissed with prejudice, and therefore the October complaint was barred by res judicata. Second, it held that the October complaint failed on the merits. Specifically, the court held (1) that the claims against Meenan failed because court-appointed attorneys are not state actors for purposes of § 1983, *see Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir.1997); (2) that Rolle lacks standing to challenge the validity of Judge Honoroff's appointment to the Nassau County Supreme Court, *see O'Shea v. Littleton*, 414 U.S. 488, 497, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); and (3) that the conclusory allegations of conspiracy in Rolle's complaint were insufficient to meet the requirements of § 1985.

The district court erred in holding that the October complaint was barred by res judicata. Although the order dismissing the May complaint asserted that Rolle's failure to replead within thirty days would result in dismissal of the complaint with prejudice, the court did not enter a Rule 58 judgment following the expiration of the thirty-day period, and so the conditional order, dismissing the suit with prejudice, was never final. *See In re Litas Int'l v. Shapiro*, 316 F.3d 113, 119–20 (2d Cir. 2003). Therefore, as the original complaint was dismissed without prejudice, res judicata does not apply. *See Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445, 449 (2d Cir.1978) (per curiam) ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to Res judicata principles.").

Notwithstanding its conclusion that the complaint was barred by res judicata, however, the district court did consider the merits of the complaint, and dismissed it on its merits. On that basis, we affirm the district court's judgment dismissing the complaint on the merits for substantially the reason it gave. We have considered all of Mr. Rolle's other claims[1] and find them meritless.

The judgment of the district court is AFFIRMED.

---

1. Rolle asserts that this six-month pre-trial detention was illegal and unconstitutional. Because this issue was raised for the first time on appeal, and because consideration of it is not necessary to avoid manifest injustice, we will not exercise our discretion to consider it. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir.1990).