Sean TAPP, Plaintiff–Appellant,

v.

Derek CHAMPAGNE, District Attorney; John/Jane Doe(s), Assistant District Attorneys; Peter Dumas, Public Defender; Public Defenders Office; Kathleen Rodgers, Judge; John Doe, Judge; Justices of Franklin County, Defendants–Appellees.

No. 04–5890.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Sean Tapp, Pine City, New York, for Appellant, pro se.

Michael J. Sciotti, Syracuse, New York, for Appellees.

PRESENT: Honorable WILFRED FEINBERG, Honorable AMALYA L. KEARSE, and Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on November 1, 2004, is hereby AFFIRMED.

Plaintiff Sean Tapp sued named and unnamed district attorneys, judges, and public defenders of Franklin County, New York for money damages, pursuant to 42 U.S.C. § 1983, for violating and conspiring to violate his constitutional rights in connection with a state criminal prosecution. He now appeals the district court's *sua sponte* dismissal of his complaint on the grounds that (a) the judges and prosecutors were absolutely immune from suit for money damages, and (b) the public defenders were not "state actors" for purposes of § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). We review a § 1915(e)(2)(B) dismissal *de novo* and will affirm only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004). In applying this standard, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision

1. *Absolute Immunity Shields State Judges and Prosecutors from Suits for Money Damages*

The law affords judges absolute immunity from personal liability for acts "committed within their judicial jurisdiction," however erroneous the act and regardless of motivation. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *accord Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Cleavinger v. Saxner*, 474 U.S. 193, 199, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); *Huminski v. Corsones*, 386 F.3d 116, 136–

42 (2d Cir.2004); *Young v. Selsky,* 41 F.3d 47, 51 (2d Cir.1994). The same absolute immunity protects prosecutors from suit "when they function as advocates for the state in circumstances 'intimately associated with the judicial phase of the criminal process.'" *Bernard v. County of Suffolk,* 356 F.3d 495, 502 (2d Cir.2004) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)); *accord Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir.2005).

■ Although Tapp asserts that the charged prosecutors and judges conspired to prosecute him maliciously and without probable cause, his pleadings, even when viewed in the light most favorable to him, are insufficient to pierce the absolute immunity that shields a prosecutor's decision to initiate and pursue criminal charges, *see Bernard v. County of Suffolk,* 356 F.3d at 503 (collecting cases), or a judge's actions in presiding over a case properly within her jurisdiction, *see Pinaud v. County of Suffolk,* 52 F.3d 1139, 1148 (2d Cir.1995) (citing approvingly to *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (*en banc*)). "[F]undamentally, since absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity." *Dorman v. Higgins,* 821 F.2d 133, 139 (2d Cir.1987). Accordingly, we conclude that the district court correctly dismissed Tapp's complaint against the charged judges and prosecutors on the ground of absolute immunity.

2. *The Public Defenders Are Not State Actors*

■ Section 1983 creates a cause of action only against persons acting under color of state law. *See, e.g., Rodriguez v. Phillips,* 66 F.3d 470, 473 (2d Cir.1995). A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *accord Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir.1997).

■ To the extent Tapp attempts to avoid *Polk*'s bite by alleging that the public defenders in his case conspired with judges and district attorneys to pursue his malicious prosecution, *see Tower v. Glover,* 467 U.S. 914, 919–20, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), this conspiracy allegation is wholly conclusory and, as such, insufficient even at the pleadings stage to establish that the public defenders were acting under color of state law, *see Ciambriello v. County of Nassau,* 292 F.3d 307, 325 (2d Cir.2002); *Dwares v. City of New York,* 985 F.2d 94, 99 (2d Cir.1993). Accordingly, we conclude that the district court properly dismissed Tapp's complaint against these defendants.

The district court's November 1, 2004 judgment of dismissal is hereby AFFIRMED.