08-4920-pr
Licari v. Voog

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>> *Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RANDAL LICARI,

  *Plaintiff-Appellant*,

  -v.-         No. 08-4920-pr

NORMAN J. VOOG, ATTORNEY,

  *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR APPELLANT:**  Randal Licari, *pro se*, Newtown, CT.

**COUNSEL FOR APPELLANT:**  Anthony Nuzzo, Jr., Nuzzo & Roberts, L.L.C., Chesire, CT.

---

[*] The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

1

Appeal from a judgment of the United States District Court for the District of Connecticut  (Alvin W. Thompson, *Judge*).

　　**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

　　Plaintiff Randal Licari appeals from the September 30, 2008 judgment of the District Court dismissing plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]  On appeal, plaintiff argues that the District Court erred in dismissing plaintiff's claims under 42 U.S.C. § 1983 because defendant was a private attorney, and not a state actor.  Plaintiff also reasserts on appeal claims that could be construed as state law tort claims, over which the District Court declined to exercise supplemental jurisdiction because both plaintiff and defendant are residents of Connecticut.  We assume the parties' familiarity with the facts and procedural history of this case.

　　First, we review the District Court's dismissal of Licari's claims under 42 U.S.C. § 1983.  We review the District Court's *sua sponte* dismissal of plaintiff's complaint *de novo*.  *See Giano v. Goord*, 250 F.3d 146, 149-150 (2d Cir. 2001).  To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant was acting under color of state law.  Here, plaintiff alleges that Voog, a private attorney hired by Licari to represent him during criminal proceedings, committed malpractice.  It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims.  *See Rodriquez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997).  Accordingly, a suit alleging that Voog violated Licari's rights under federal law is frivolous, and thus the District Court did not err in dismissing plaintiff's claims under § 1983.

　　Next, we review the District Court's dismissal of Licari's related state law claims.  Construing Licari's complaint liberally, the District Court determined that Licari asserted various state law tort claims.  The District Court, however, concluded that it lacked jurisdiction to resolve these claims, since both plaintiff and defendant are residents of Connecticut and no claims arising under federal law remained.  We conclude that the District Court did not err in dismissing plaintiff's remaining

---

[1]  28 U.S.C. § 1915, providing for in forma pauperis proceedings in the federal courts, states, in relevant part, as follows: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(1).

state law claims for lack of jurisdiction.[2]

For the reasons stated above, the September 30, 2008 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

---

[2] Because *pro se* litigants are granted wide latitude with procedural rules, *see In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), we construe the appellant's submission of August 20, 2009 as a motion for leave to file an amended brief, which we grant. We have therefore considered the appellant's submission as a part of the record. Nevertheless, for the reasons set forth in this order, we find the arguments stated therein to be without merit.