12-324-pr
Jackson v. Pfau

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand thirteen.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges*,
> JED S. RAKOFF,
> *District Judge.*[*]

_____

NAHSHON JACKSON,

*Plaintiff-Appellant*,

v.                                                                                    12-324-pr

ANN T. PFAU, Chief Administrative Judge;
State of New York, *et al.*,

*Defendants-Appellees*.

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:          Nahshon Jackson, *pro se*, Malone, New York.

FOR DEFENDANTS-APPELLEES:          Martin Atwood Hotvet, New York State Office of the Attorney General, Albany, NY.[1]

Appeal from a judgment and the orders of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and the May 12, 2011 and January 10, 2012 orders of the District Court are AFFIRMED.

Appellant Nahshon Jackson, pro se, appeals from (1) the District Court's May 12, 2011 order and judgment denying his motion for leave to proceed in forma pauperis ("IFP") and sua sponte dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and (2) the District Court's January 10, 2012 order, which denied Jackson's motion for vacatur of the May 2011 judgment, his motion for the District Judge's recusal, and his request for relief from having to serve the defendants. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I. Motion for IFP Status and Dismissal

We review a district court's dismissal of a complaint pursuant to § 1915(e)(2) or § 1915A de novo. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Giano v. Goord, 250 F.3d 146,

---

[1]By letter dated February 2, 2012, the New York Attorney General's office informed the Court that it had not been served or appeared in the proceedings before the District Court, and that it would not file a brief or appear before this Court on appeal unless asked to do so by this Court.

149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a pro se complaint must contain sufficient factual allegations to meet the plausibility standard, this Court affords pro se litigants "special solicitude" by "interpreting [a pro se] complaint to raise the strongest claims that it suggests." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (alterations and quotation marks omitted).

The District Court properly dismissed Jackson's complaint pursuant to § 1915(e)(2)(B) without granting leave to amend. The court correctly concluded that the defects in Jackson's claims were substantive rather than formal and that leave to amend would be futile. In particular, the District Court determined that the following defendants were entitled to judicial immunity, because Jackson's allegations against each of them concerned actions that were judicial in nature or closely related to the judicial process: Ted M. Wilson (allegedly a judicial law clerk to Judge Stanley L. Pritzker), Judge Ann T. Pfau (former Chief Administrative Judge of the New York State courts), Benjamin Steinberg (attorney in the State Office of Court Administration), Nancy M. Mangold (Director of the Division of Court Operations for the Office of Court Administration), Joanne M. Mann (Chief Clerk of the County Court and state Supreme Court, Warren County), Dawn D. Donnelly (Associate Court Clerk of the County Court and state Supreme Court, Albany County), Charles E. Diamond (Chief Clerk of the County Court and

3

state Supreme Court, Albany County), Barbara A. Roesch (Seneca County Court Attorney), and Elizabeth C. Young (Chief Clerk of the County Court and state Supreme Court, Seneca County). See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (noting that "[c]ourts have extended the absolute judicial immunity afforded judges to individuals . . . who perform functions closely associated with the judicial process," and holding that judges and their supporting staff are absolutely immune in matters regarding "[a] court's inherent power to control its docket").

The District Court also properly dismissed Jackson's state law claims against New York Commission on Judicial Conduct administrators Jean M. Savanyu and Robert H. Tembeckjian as not cognizable under 42 U.S.C. § 1983, and properly dismissed Jackson's Section 1983 claims against state Department of Correctional Services Commissioner Brian Fischer in his official capacity as barred by the Eleventh Amendment. The District Court also properly found that at least four of Jackson's prior actions or appeals resulted in "strikes" for purposes of § 1915(g), and therefore properly denied his motion to proceed IFP pursuant to that section.

II. Motion to Vacate and for "Judicial Notice"

We review a district court's ruling on a Rule 60(b) motion for vacatur of a judgment for abuse of discretion. See Rodriguez v. Mitchell, 252 F.3d 191, 200 (2d Cir. 2001). "Under this standard, we must affirm the grant or denial of vacatur, unless the ruling [is based] on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id. (quotation marks omitted). A district judge's refusal to recuse himself is reviewed under the same abuse of discretion standard. See In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008).

The District Court properly denied Jackson's motion pursuant to Rule 60(b), because, for the reasons discussed above, it did not err initially in denying his motion for in forma pauperis

4

status or in sua sponte dismissing his complaint.  The District Judge also did not abuse its discretion by declining to recuse himself.  Jackson's claims of bias, which formed the predicate for his recusal motion, are both conclusory and based entirely on his disagreement with the District Court's decisions.  Cf. Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We have considered Jackson's remaining arguments and conclude that they are without merit.  Accordingly, we AFFIRM the judgment and the May 12, 2011 and January 10, 2012 orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5