19-973-cv
*Kaminski v. Semple*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand nineteen.

PRESENT:   ROBERT D. SACK,
                     BARRINGTON D. PARKER,
                     DENNY CHIN,
                             *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN S. KAMINSKI,

                             *Plaintiff-Appellant,*

                     v.                                             19-973-cv

SEMPLE, COMMISSIONER OF DEPT. OF
CORRECTIONS, DECLARATORY ONLY, GEORGE
JEPSEN, ATTORNEY GENERAL (FORMERLY),
STATE OF CONNECTICUT, DECLARATORY
ONLY, WALTER CHARLES BANSLEY, IV,
ATTORNEY, OF BANSLEY, ANTHONY & BURDO
(INMATE LEGAL ASSISTANCE CONTRACTOR)
(ILAP), INDIVIDUAL/CORPORATE,

                             *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     JOHN S. KAMINSKI, *pro se,* Suffield, Connecticut.

FOR DEFENDANTS-APPELLEES:     No appearance.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant John Kaminski, *pro se*, appeals the judgment of the district court, entered April 15, 2019, dismissing his complaint *sua sponte* for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint, filed pursuant to 42 U.S.C. § 1983, alleged that Scott Semple, the former commissioner of the Connecticut Department of Corrections ("DOC"), George Jepsen, the former Connecticut Attorney General, and Walter Scott Bansley IV, a private attorney who was hired by the DOC to provide legal services to inmates in a legal assistance program, violated his rights by denying him access to the courts. Specifically, he alleges that after he elected to proceed *pro se* in his habeas proceeding, DOC denied him legal assistance and access to the law library. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the *sua sponte* dismissal of a complaint *de novo*. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). *Pro se* submissions are reviewed with

2

"special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

The district court properly dismissed Kaminski's claims against Semple and Jepsen to the extent he sought retrospective relief. If a complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," the Eleventh Amendment cannot bar it. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted); *see also In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("[A] plaintiff may sue a state official acting in his official capacity -- notwithstanding the Eleventh Amendment -- for prospective injunctive relief from violations of federal law." (internal quotation marks and citations omitted)). But a declaration dealing only with past events would be retrospective and barred. *See Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) ("Any declaration could say no more than that Connecticut had violated federal law in the past . . . [and] would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment." (internal quotation marks omitted)). Here, Kaminski sought only a declaration that Semple and Jepsen violated his right to access the courts. Both defendants are no longer state officials; they are therefore no longer denying him a right to access the law library.

3

The district court correctly held that claims against Semple and Jensen for retroactive

relief are barred by the Eleventh Amendment. *See id.*

To the extent that Kaminski's complaint may be construed as seeking

prospective relief, his claim for denial of access to the courts also fails.[1] While the

Supreme Court has long recognized that prisoners have a right to meaningful access to

the courts and that prison officials are barred from "actively interfering with inmates'

attempts to prepare legal documents," *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing

*Bounds v. Smith*, 430 U.S. 817 (1977)), prisoners do not have an abstract right to a law

library or legal assistance. *Id.* To state a denial-of-access-to-the-courts claim, a prisoner

must show that: (1) he suffered an "actual injury," *id.* at 349, (2) to a non-frivolous legal

claim, (3) concerning his criminal conviction, habeas corpus petition, or conditions of

confinement. *Id.* at 352–54. Actual injuries include the dismissal of a complaint for a

technical deficiency that would have been cured with appropriate legal facilities, or that

a prisoner was "stymied" from bringing an arguably actionable claim by the

"inadequacies of the law library." *Id.* at 351.

Here, Kaminski has failed to allege that the denial of access to a law

library resulted in any actual injury relating to his habeas corpus petition. Kaminski

alleged that he discovered a dismissed criminal charge on his own, when none of his

---

[1]    Where a public officer sued in his official capacity "resigns, or otherwise ceases to hold office while the action is pending," the action continues, and "[t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25 (d).

4

appointed attorneys caught the issue. Further, he was able to file and prosecute a petition for a writ of mandamus without access to a law library. His complaint suggests that his habeas proceeding was not hindered by his lack of access to a library. Indeed, the state court forgave a technical error (mislabeling of a motion) that Kaminski attributed to his lack of access to a law library or legal services.

Although Kaminski acknowledges that his individual claims do not establish a denial of access to the courts, he asserts that Connecticut's legal services for prisoners are worse than the system addressed in *Lewis*. But *Lewis* makes clear that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. Kaminski therefore cannot show any actual injury and he does not state a plausible claim for denial of access to the courts.

The district court also properly dismissed the claims against Bansley. To be liable under § 1983, a defendant must be a state actor. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Generally, a court-appointed attorney "performing a lawyer's traditional functions as counsel" to a party is not a state actor under § 1983. *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997). We have also held that legal aid agencies are not state actors, "notwithstanding the receipt of substantial government funds," as long as the State does not "exercise control or supervision over the internal operations" of the agency. *See Graseck v. Mauceri*, 582 F.2d 203, 208 (2d Cir. 1978); *see also*

*Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (reaffirming *Graseck*'s holding that "a legal aid society ordinarily is not a state actor amenable to suit under § 1983"). Bansley, as the Inmate Legal Assistance Program contractor, acted in the capacity of a legal aid society by performing legal services on behalf of Connecticut state prisoners. Because Kaminski offered no allegation that Bansley performed duties outside the traditional counsel's role, or that DOC controlled or supervised Bansley, he failed to sufficiently allege that Bansley was a state actor. *See Rodriguez*, 116 F.3d 65–66; *Graseck*, 582 F.2d at 208.

Finally, the district court also did not err in denying Kaminski leave to amend his complaint. A *pro se* plaintiff should be afforded leave to amend following dismissal "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). Here, however, amendment would have been futile because Bansley is not a state actor and Kaminski cannot allege that his habeas proceeding was harmed by any of the defendants' actions. Accordingly, the district court properly dismissed Kaminski's complaint.

\*     \*     \*

6

We have considered Kaminski's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk