24-1574-cv
*Dees v. Knox*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-five.

PRESENT:
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

JENNIFER LYNN DEES, ETHAN DAVIS SMITH,

       *Plaintiffs-Appellants*,

    v.                                                      24-1574-cv

JILLIAN KNOX, SAMUAL MAXWELL, EMILY WILLIAMS, PAUL PELAGALLI, DIANNE FREESTONE, KARLA CONWAY, JEFFREY WAIT, MICHELLE GRANGER, MICHAEL HARTNETT, DR. JACQUELINE BASHKOFF, DR. MARY O'CONNOR, FELIX CATENA, ELIZABETH GARRY, JOHN T. ELLIS, CHRISTINE CLARK, JAMES A. MURPHY, VERONICA SMITH,

       *Defendants-Appellees*,

MICHAEL ZURLO, JEFFREY R. BROWN, CHRISTOPHER HALLENBECK, WILLIAM HEID, SCOTT CARPENTER, CONNOR HOULE, DAVID HUESTIS, TYLER STRENK, KEVIN KOLAKOWSKI, MEGHAN WARREN, KAREN HEGGEN, DONNELLAN LAW, PLLC, JULIA GROSS, CARLYE MAGNUSEN, JAMES BENNETT, SARATOGA CENTER FOR THE FAMILY, COUNTY OF SARATOGA, N.Y., CITY OF MECHANICVILLE, N.Y., KRISTINE ZIMMERMAN, CONCETTA H'MURA, ASHLEY CALLAHAN, MARLA NORTON, VELLA-CARBONE LLC, DENISE RESTA-TOBIN, MARC GREENWALD, JOANN COUGHTRY, SARAH WOOD, PROSKIN LAW FIRM, (LISA PROSKIN), WENDE TEDESCO, REBECCA BALDWIN, SHARON BENNETT, HARRIET M. WEST CHILD ADVOCACY CENTER, COUNTY OF WARREN, N.Y., JESSICA VINSON, ELENA TASTENSEN, HEATHER COREY-MONGUE,

*Defendants.*

---

FOR PLAINTIFFS-APPELLANTS: JENNIFER LYNN DEES, ETHAN DAVIS SMITH, *pro se*, Clifton Park, New York.

FOR DEFENDANTS-APPELLEES: No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on May 21, 2024, is **AFFIRMED**.

Plaintiffs-Appellants Jennifer Lynn Dees and Ethan Davis Smith filed a suit against 53 defendants, raising 30 claims under various provisions of federal and state law. After Appellants each filed a motion to proceed *in forma pauperis*, Magistrate Judge Daniel J. Stewart screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and filed a report and recommendation,

recommending that the complaint be dismissed because many of the defendants were immune from suit, and the complaint otherwise failed to state a claim. *See generally Dees v. Zurlo*, No. 24-CV-1 (MAD/DJS), 2024 WL 1053237 (N.D.N.Y. Mar. 11, 2024). On May 21, 2024, District Judge Mae A. D'Agostino adopted the report and recommendation over Appellants' objections, dismissed the complaint with prejudice as to the defendants entitled to immunity, and granted leave to amend the complaint against the remaining defendants within 30 days. *See generally Dees v. Zurlo*, No. 24-CV-1 (MAD/DJS), 2024 WL 2291701 (N.D.N.Y. May 21, 2024). Appellants did not submit an amended complaint and instead filed this appeal, arguing that the complaint should not have been dismissed. They have also filed a motion to remand to the district court and recuse the district court and magistrate judges, as well as a motion to supplement the record. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, we have jurisdiction over this appeal. Generally, "[a] dismissal with leave to amend is a non-final order and not appealable." *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006). Nonetheless, "an appeal may be pursued where the plaintiff disclaims any intention to amend or where, as here, the district court sets a deadline for amending and the plaintiff does not amend within the deadline." *Salmon v. Blesser*, 802 F.3d 249, 252 n.2 (2d Cir. 2015); *see also Slayton*, 460 F.3d at 224 n.7 ("Even where the appellant does not explicitly disclaim intent to replead, we will treat a premature appeal from a judgment granting leave to amend as an appeal from a final judgment if the deadline for amendment has passed."). The time for Appellants to file an amended complaint has passed, and they chose to appeal rather than amend. Accordingly, we treat the appeal as being from a final judgment.

We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B). *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Under Section 1915(e)(2)(B), a complaint brought *in forma pauperis* must be dismissed if the district court determines that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim when, accepting the offered facts as true and drawing all reasonable inferences in the plaintiff's favor, there is no plausible claim for relief. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

After careful review of Appellants' complaint, objections to the report and recommendation, and appellate brief, we affirm for substantially the same reasons set forth in the district court's order. Many of the defendants—such as state judges, government and court attorneys, and witnesses—are entitled to immunity from suit. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (witness immunity); *Warney v. Monroe Cnty.*, 587 F.3d 113, 121 (2d Cir. 2009) (prosecutorial immunity); *Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997) (court personnel immunity); *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (judicial immunity). In addition, the defendants who are private individuals, as opposed to state actors, are not subject to suit under 42 U.S.C. § 1983. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."). The complaint otherwise fails to allege a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). For example, the claims asserted under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 *et seq.*, were properly dismissed because Appellants rely exclusively on allegations of fraudulent activities

4

directly related to the initiation or continuance of legal proceedings to support their RICO claims. Indeed, Appellants concede that the alleged fraudulent racketeering activities "manifest within or adjacent to judicial proceedings." Appellants' Br. at 15, ¶ 46. We have refused to recognize such RICO claims, holding that "allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018); *see also id.* (noting that to allow such RICO claims "would chill litigants and lawyers and frustrate the well-established public policy goal of maintaining open access to the courts because any litigant's or attorney's pleading and correspondence in an unsuccessful lawsuit could lead to drastic RICO liability" (internal quotation marks and citation omitted)).

*          *          *

We have considered Appellants' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court. Appellants' pending motions are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court