10-2958-pr
Ceparano v. Southampton Justice Court

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

Anthony J. Ceparano,

> *Plaintiff-Appellant*,

v.                                                                          10-2958-pr

Southampton Justice Court, Hon. Judge John Doe, John Doe, Southampton Justice Court Clerk,

> *Defendants-Appellees*.

_____

FOR APPELLANT:            Anthony J. Ceparano, *pro se*, Gowanda, N.Y.

FOR APPELLEE:             Diane K. Farrell (Jeltje deJong, *on the brief*), Devitt, Spellman, Barrett, LLP, Smithtown, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Anthony J. Ceparano appeals a judgment of the district court granting the Defendants' motion to dismiss and dismissing his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction after determining that Ceparano's claims against a Southampton Justice Court judge and court clerk were barred by the doctrine of absolute judicial immunity. Ceparano also appeals from the district court's denial of his motions to strike pursuant to Fed. R. Civ. P. 12(f), for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), to amend the amount of damages requested, and for Fed. R. Civ. P. 11(b) sanctions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Even assuming that the district court erred in dismissing Ceparano's claims against the Southampton Justice Court judge and court clerk in their individual capacities for lack of subject matter jurisdiction, an independent review of the record and relevant case law reveals that this error was harmless because Ceparano's complaint failed to state a claim upon which relief may be granted. A court faced with a motion to dismiss a complaint for failure to state a claim upon which relief may be granted must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); Fed. R. Civ. P. 12(b)(6). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

2

*v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"A judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity."  *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990).  Whether a judge acted in a "judicial capacity" depends on the "nature of the act [complained of] itself, *i.e.*, whether it is a function normally performed by a judge, and [on] the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Further, if the judge is performing in his judicial capacity, the "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump*, 435 U.S. at 356-57; *see also Fields*, 920 F.2d at 1119 ("Liability will not attach where a judge violated state law by an incorrect decision.").  In this analysis, "the scope of the judge's jurisdiction [is] to be construed broadly," *Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988) (alteration omitted) (quoting *Stump*, 435 U.S. at 356) (internal quotation marks omitted), and the asserted immunity will only be overcome when the "judge clearly lacks jurisdiction over the subject matter," *id.* at 52.

Moreover, court clerks have been granted similar immunity from damages "for performance of tasks which are judicial in nature and an integral part of the judicial process."  *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).  Therefore, "[e]ven 'when functions that are more administrative in character have been undertaken pursuant to the explicit direction of

3

a judicial officer, . . . that officer's immunity is also available to the subordinate.'" *Id.* at 67

(omission in original) (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)).

The authorizing of Ceparano's bench warrant was clearly a judicial act that entitles the

Southampton Justice Court judge to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 12

(1991) (ordering court officers to bring an individual before the court is a judicial act); *see*

*also* N.Y. Crim. Proc. Law § 530.70(1) (authorizing local courts to issue bench warrants); *cf.*

*Burns v. Reed*, 500 U.S. 478, 492 (1991) ("[T]he issuance of a search warrant is

unquestionably a judicial act").  The fact that the bench warrant may have been erroneously

issued before Ceparano's fine was due does not render the judge's authorization of that

warrant a nonjudicial action because "[i]f judicial immunity means anything, it means that a

judge 'will not be deprived of immunity because the action he took was in error . . . or was in

excess of his authority.'" *Mireles*, 502 U.S. at 12-13 (omission in original) (quoting *Stump*,

435 U.S. at 356).  Further, even assuming, as Ceparano argues, that the judge did not possess

proper personal jurisdiction over him when the bench warrant was issued, the judge did not act

in the clear absence of *all* jurisdiction necessary to deprive the judge of immunity because

local criminal courts in New York possess subject matter jurisdiction over the misdemeanor to

which Ceparano pled guilty in the Southampton Justice Court.  *See Green v. Maraio*, 722 F.2d

1013, 1017 (2d Cir. 1983) (Although trial judge may have lacked personal jurisdiction over

defendant after his sentencing, "it is apparent that a judge who possesses subject matter

jurisdiction is not within the 'clear absence of all jurisdiction' posture which would deprive

him of the use of the defense of judicial immunity."); N.Y. Crim. Proc. Law §§ 10.30(1)-(2)

(local criminal courts possess jurisdiction over all offenses other than felonies).

Additionally, because the authorizing of a bench warrant is a judicial function, the court clerk is also entitled to absolute immunity for issuing the warrant. *See Rodriguez*, 116 F.3d at 67 ("It is 'the nature of the function performed, not the identity of the actor who performed it,' that determines whether an individual is entitled to immunity." (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).

Accordingly, we affirm the district court's judgment with regard to Ceparano's § 1983 claims. Finally, the district court did not abuse its discretion in denying Ceparano's motion for Rule 11 sanctions and properly denied Ceparano's motions to strike, to amend his damages, and for judgment on the pleadings.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5