Szymonik v. State of CT

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

Peter T. Szymonik, for himself and as a parent of minor children, S.S., A.S., J.S., and stepparent of E.S., Monica L. Szymonik, for herself and as parent of minor children S.S., E.S. and stepparent of A.S. and J.S.,

> *Plaintiffs-Appellants*,

> v.                                                                            No. 19-230

State of Connecticut, Jorge Simon, in his official capacity as judge of Superior Court and individual capacity, Leslie Olear, in her official capacity as Presiding Judge of the Hartford Family Court and her individual capacity, Linda Prestley, in her official capacity as a Family Court Judge and her individual capacity, George Jepsen, in his official capacity as Attorney General of the State of Connecticut and his individual capacity, Keith Yagaloff, in his official capacity as an officer of the State of Connecticut

**Court System and in his individual capacity,
Grant Miller, in his official capacity as a Family
Court Judge and in his individual capacity,**[1]

*Defendants-Appellees*.

---

**FOR PLAINTIFFS-APPELLANTS:**          Peter T. Szymonik, Monica L. Szymonik, pro
                                                                      se, Glastonbury, CT.

**FOR STATE DEFENDANTS-APPELLEES:**    Philip Miller, Assistant Attorney General, *for*
                                                                      William Tong, Attorney General,
                                                                      Connecticut Office of the Attorney General,
                                                                      Hartford, CT.

**FOR DEFENDANT-APPELLEE YAGALOFF:**  No appearance.


Appeal from a judgment of the United States District Court for the District of Connecticut
(Shea, *J.*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

Peter and Monica Szymonik, husband and wife proceeding pro se, sued four state court
judges, the State of Connecticut, the Connecticut Attorney General, and a private attorney under
42 U.S.C. § 1983, alleging that the state judges violated the Szymoniks' constitutional rights by
imposing and enforcing a 2012 leave-to-file order (the "2012 State Court Order") against Peter
Szymonik ("Peter") issued in his state court divorce proceeding.   The Szymoniks allege further
that the Connecticut Attorney General unlawfully failed to intervene in the state proceeding to
protect their rights and that the private attorney conspired with the state court judges.   They

---

[1] The Clerk's Office is directed to amend the caption as reflected above.

\#                                                            2

sought as relief, among other remedies, a declaration that the request-for-leave process violated Peter's due process rights and an injunction prohibiting the state court from imposing further leave-to-file requirements. The district court granted defendants' motions to dismiss on a variety of grounds, including the *Rooker-Feldman* doctrine, the Eleventh Amendment, absolute judicial immunity (for the state court judges), quasi-judicial immunity (for the Attorney General), and failure to state a claim (for the private attorney). The Szymoniks appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal to which we refer only as needed to explain our decision to affirm.

## I.     Standards of Review

We review de novo a judgment of dismissal, whether dismissal is based on Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). We also review de novo (1) a dismissal made under the *Rooker-Feldman* doctrine, *see Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005); and (2) a decision whether a state or a state official is immune from suit under the Eleventh Amendment, *see CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94 (2d Cir. 2002) (state); *NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019) (state official).

## II.     State Court Judges

### A. *Rooker-Feldman*

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The

doctrine applies when the federal court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites district court review and rejection of that judgment, and (4) commenced district court proceedings after the state judgment was rendered. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

The district court determined that the Szymoniks' complaint was barred by the *Rooker-Feldman* doctrine. [ROA doc. 59] For this doctrine to apply, however, the federal court proceedings must have been commenced *after* the challenged state-court judgment was rendered. Here, the Szymoniks filed their original federal complaint in February 2018, but some of the state court orders that they seek to challenge were filed well afterward, as late as July 2018. The district court, however, considered the federal proceedings to have commenced in August 2018 with the filing of the second amended complaint and the alleged injury to have been caused only by the 2012 State Court Order imposing the leave-to-file sanction. The correct sequencing of events for *Rooker-Feldman* purposes is unclear at this juncture. We need not resolve the sequencing issue, however, because other grounds support the complaint's dismissal.

### B. Claims for Prospective Injunctive Relief

The Szymoniks sought specific declaratory and injunctive relief in their complaint, but the document's allegations did not link any of the defendants to those requests. Our consideration of their pleading suggests that the only named defendants against whom such relief could be sought are the state court judges.

Thus, the Szymoniks requested "immediate prejudgment injunction[s]" (1) prohibiting the family court from requiring Peter or his counsel to request leave before they file any motions; and (2) ordering that Peter be allowed to engage counsel of his choice in state court. Am. Compl. at

#                                                          4

24, *Szymonik v. Connecticut*, No. 18-cv-263, ECF No. 30 ("Am. Compl."). These requests are for prospective relief. In demanding such relief (as their amended complaint declared), the Szymoniks sought "to correct ongoing violations of constitutional and due process rights . . . which continue to this day," and claimed that they were "solely seeking prospective relief in the form of immediate injunctive relief." *Id*. at 5-8.

We may affirm the district court's dismissal of these requests for relief on any ground supported by the record, including grounds upon which the district court did not rely. *See Sudler v. City of New York*, 689 F.3d 159, 168 (2d Cir. 2012). The Anti-Injunction Act (the "Act"), 28 U.S.C. § 2283, provides such a ground. It "bars a federal court from enjoining a proceeding in state court unless that action is expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Wyly v. Weiss*, 697 F.3d 131, 137 (2d Cir. 2012) (internal quotation marks omitted). This statute "rests on the fundamental constitutional independence of the States and their courts" and accordingly, the Supreme Court has taught that "exceptions [to the Act's directive] should not be enlarged by loose statutory construction." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). "Any doubts as to the propriety of a federal injunction . . . should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297. "Proceedings in state courts[, thus,] should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." *Id*. at 287.

Here, no federal statute authorizes the federal courts to enjoin the state proceedings, nor would such an injunction be necessary to aid the district court's jurisdiction or to protect or

effectuate its prior judgments. The 2012 State Court Order and the other state court rulings challenged by the Szymoniks should remain in place without interference from the district court because the Act bars the Szymoniks' requests for prospective injunctive relief against the state court judges.

### C. Claims for Retrospective Declaratory Relief

The Szymoniks also asked the district court to declare (1) that the state court's request-for-leave process violated Peter's due process rights; and (2) that the state court improperly denied Monica Szymonik's motion to intervene. These requests are retrospective. Peter asserts due process violations premised on his allegations that, in the past, trial judges "not assigned to the case" denied his unopposed requests for leave, when the order imposing the request-for-leave sanction provided that only the presiding judge could consider such requests. Am. Compl. at 9. They allege that this "process" (as characterized by the Szymoniks) prevented the Szymoniks from filing "dozens of motions" and having their grievances heard. *Id*. at 17, 19.

Although the Szymoniks purport to focus on the state court process, their allegations in fact challenge the 2012 State Court Order itself and the denials of particular leave-to-file motions. Their second request for declaratory relief pertains to the denial in 2017 of Monica Szymonik's motion to intervene in the proceedings.

The Eleventh Amendment bars federal courts from issuing retrospective declaratory relief against state officials for past violations of federal law. *See Green v. Mansour*, 474 U.S. 64, 68, 73 (1985); *Ward v. Thomas*, 207 F.3d 114, 119, 120 (2d Cir. 2000) (declaratory relief unavailable because "[a]ny declaration could say no more than that Connecticut [and the defendant official] had violated federal law in the past"); *Am. Civil Liberties Union of Mass. v. U.S. Conference of*

*Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013) ("With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is also not permissible as it would be merely advisory.").

Accordingly, the Szymoniks' requests for declaratory relief are barred by the Eleventh Amendment.

### III.    State of Connecticut, Attorney General

On appeal, the Szymoniks do not challenge the district court's ruling that the Eleventh Amendment bars their claims against the State of Connecticut.   Nor do they challenge the dismissal of individual-capacity claims against the Attorney General.    These claims are therefore waived.   *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issues not addressed in appellate brief).

In addition, the Szymoniks make no objection to the district court's determination that the Attorney General was entitled to quasi-judicial immunity for claims against him in his individual capacity. Instead, they argue that the Attorney General is not entitled to qualified immunity. But qualified immunity was not a basis for the district court's decision. Any argument that the Attorney General is not entitled to quasi-judicial immunity is therefore also waived.   *Id.*

We affirm the dismissal of the official-capacity claims against the Attorney General. These claims were retrospective: the Szymoniks alleged that the Attorney General wrongly refused their request to intervene in Peter's case, despite his awareness of state court constitutional and jurisdictional errors. These claims too are barred by the Eleventh Amendment, which prohibits official-capacity claims against state officials unless the complaint (1) alleges an ongoing violation of federal law and (2) seeks relief properly characterized as prospective.   *In re*

*Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007); *see also, e.g.*, *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 480 (2d Cir. 2002) (noting that complaints seeking "retrospective relief" against state officials are "precluded by the Eleventh Amendment"). In addition, the Szymoniks cite no case or statute that would require the Attorney General of Connecticut to intervene in the private family court proceedings at issue here. *Cf. Mangiafico v. Blumenthal*, 471 F.3d 391, 394–97 (2d Cir. 2006) (Connecticut Attorney General was absolutely immune from liability in § 1983 case for refusing to exercise discretion to defend state employee in state lawsuit).

## IV.    Attorney Yagaloff

The Szymoniks alleged in the district court that the state judges enabled "an officer, agent and proxy of the court"—Keith Yagaloff, a private attorney who represented Peter's former wife—to infringe repeatedly on Peter's constitutional rights "in a manner which may rise to the level of conspiracy." Am. Compl. at 12.

They asserted that the state court did not impose similar leave-to-file restrictions against Yagaloff, that Yagaloff was allowed to schedule a hearing, and that Yagaloff committed misconduct by exploiting the autism of Peter's child "to self-manufacture claims," which in turn influenced matters before the state and federal courts. *Id*. at 14, 17–18. On appeal, however, the Szymoniks argue only that Yagaloff operates as a proxy of the court and thus improperly "enjoys a unique status of privilege and regulation." Appellants' Br. at 29.

The district court correctly held that these allegations fail to state a § 1983 claim against Yagaloff. To state such a claim, a plaintiff must allege that he was injured by a state actor or a private party acting under color of state law. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307,

323 (2d Cir. 2002). Yagaloff, as a private attorney, was not a state actor; that he was licensed by the state to practice law does not render him a state actor. *Cf. Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) (court-appointed attorney "performing a lawyer's traditional functions as counsel" not state actor under § 1983).

Nor did the Szymoniks' conspiracy allegations establish that Yagaloff was acting under color of state law. To state a claim for § 1983 conspiracy, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello*, 292 F.3d at 324–25. Conclusory allegations are insufficient; to be viable, a complaint must allege "specific instances of misconduct." *Id.* at 325 (internal quotation marks omitted). The Szymoniks' allegations are only conclusory; their vague speculation that Yagaloff's actions "may rise to the level of conspiracy," am. compl. at 12, fails to state a § 1983 conspiracy claim. *Ciambriello*. 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."). Accordingly, the district court correctly held that the complaint failed to state a claim against Yagaloff.

## V.     Motion for Injunction

Although the Szymoniks argue on appeal that the district court should have granted their motion for injunctive relief, their brief provides no argument in support of that position. Accordingly, this argument is waived. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing."); *Norton v. Sam's*

#                                                    9

*Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have reviewed the remainder of the Szymoniks' arguments and conclude that they are without merit.    For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

#                                                                10