O'Donoghue v. U.S. Social Security Administration, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty.

PRESENT:
GUIDO CALABRESI,
ROBERT A. KATZMANN,
SUSAN L. CARNEY,
*Circuit Judges.*

───────────────────────────────

Wycliffe H. O'Donoghue,

*Plaintiff-Appellant*,

v.                                                                      19-1426

United States Social Security Administration,
Center for Medicare & Medicaid Services, CMS,
Hansen Reynolds LLC, Attorney John Shanahan,

*Defendants-Appellees*.

───────────────────────────────

FOR PLAINTIFF-APPELLANT:            Wycliffe H. O'Donoghue, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:         Varuni Nelson, Arthur Swerdloff, Candace Scott Appleton, Assistant United States Attorneys, of Counsel, *for* Richard P.

Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY (*for* the United States Social Security Administration and Centers for Medicare and Medicaid Services, CMS).

Jonathan B. Nelson, Esq., Dorf & Nelson LLP, Rye, NY (*for* Hansen Reynolds LLC and John Shanahan).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Wycliffe H. O'Donoghue, pro se, sued the United States Social Security Administration ("SSA"), the Centers for Medicare and Medicaid Services ("CMS"), the law firm Hansen Reynolds LLC, and one of its attorneys, John Shanahan.

It is not disputed that Mr. O'Donoghue was the victim of mistaken identity: Mr. O'Donoghue, who was born in the South American nation of Guyana, has the same name and birthday as another person named Wycliffe O'Donoghue, who was born in the African nation of Guinea. When the latter passed away, the SSA mistakenly recorded the death as associated with the social security number assigned to Mr. O'Donoghue, the appellant here. Upon learning of the mistake in 2006, Mr. O'Donoghue visited several Social Security offices but was unable to resolve the issue. In 2015, he was involved in a car accident in Florida, which led to a lawsuit in Florida state court. Hansen Reynolds represented the defendants in that action, and Mr. O'Donoghue alleged that Shanahan—an attorney with the firm—argued that Mr. O'Donoghue's case should be dismissed because Social Security records indicated that the person with Mr. O'Donoghue's social

security number was dead. That suit ultimately settled. Mr. O'Donoghue filed this lawsuit in Brooklyn federal court, asserting causes of action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and alleging that the defendants violated his constitutional rights by negligently or intentionally misidentifying him. The district court (Vitaliano, *J.*) granted the defendants' motions to dismiss, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.[1]

We review the grant of a Rule 12(b)(6) motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). The grant of a Rule 12(b)(1) motion is reviewed *de novo* as to legal conclusions and for clear error as to factual findings. *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).

The district court correctly held that Mr. O'Donoghue failed to state a § 1983 or *Bivens* claim against Hansen Reynolds and Shanahan. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014).[2] And to state a *Bivens* claim, a plaintiff "must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority" and "must allege that the individual defendant was personally

---

[1] The SSA now appears to have corrected the mistakes in Mr. O'Donoghue's records, in large part due to the commendable efforts of Magistrate Judge Lois Bloom, who held a special conference to ensure that the errors were appropriately rectified and that Mr. O'Donoghue received confirmatory documentation to that effect.

[2] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). Private attorneys are generally not "state actors" for purposes of § 1983. *See, e.g.*, *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983."). The same logic precludes a finding that private attorneys are federal agents for purposes of a *Bivens* claim. Mr. O'Donoghue alleges that Hansen Reynolds and Shanahan served as defense counsel in a personal injury suit between private parties. Those allegations do not establish that either the law firm or the attorney was a state or federal actor for purposes of § 1983 or *Bivens*.[3]

We also agree with the district court that Mr. O'Donoghue did not state a claim against SSA and CMS. As federal entities, SSA and CMS cannot be liable under § 1983. *See, e.g.*, *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) ("[Section 1983] appl[ies] only to state actors, not federal officials."). They also cannot be held liable under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 483–86 (1994). And if Mr. O'Donoghue were to amend his complaint to name individual federal employees (as opposed to agencies), we agree with the district court that no *Bivens* claim would lie. The Supreme Court has recognized a *Bivens* remedy in limited circumstances, none of which applies here, and has deemed the expansion of the *Bivens* remedy to new contexts a

---

[3] We acknowledge that Hansen Reynolds and Shanahan argue, and the district court held, that Mr. O'Donoghue failed to make a *prima facie* showing of personal jurisdiction over them. We decline to address the issue because we find the allegations lacking on the merits. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012) ("[I]n cases such as this one with multiple defendants—over some of whom the court indisputably has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action, we may address first the facial challenge to the underlying cause of action and, if we dismiss the claim in its entirety, decline to address the personal jurisdictional claims made by some defendants.").

"disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Mr. O'Donoghue alleges—and we accept as true—that the SSA's error caused him great anguish and emotional distress. Nevertheless, Mr. O'Donoghue's complaint describes a bureaucratic error, not intentional misconduct, and administrative negligence does not merit an expansion of the *Bivens* remedy.

Finally, Mr. O'Donoghue argues that the Court can review his constitutional claims because SSA has denied his application for Social Security benefits. The Social Security Act permits judicial review of a "final decision of the Commissioner of Social Security made after a hearing," 42 U.S.C. § 405(g), and authorizes the Commissioner of Social Security to set out the requirements for exhaustion, 42 U.S.C. § 405(a). The administrative exhaustion process includes (1) an initial determination of benefits; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council. 20 C.F.R. Part 404, subpart J (disability); 20 C.F.R. Part 416, subpart N (Supplemental Security Income). A claimant may next seek review in district court. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). The complaint does not allege that Mr. O'Donoghue exhausted his administrative remedies, and Mr. O'Donoghue does not argue otherwise on appeal. And, in any event, Mr. O'Donoghue's brief and complaint make clear that he is not seeking review of a "final decision" regarding his disability benefits; rather, he seeks money damages for alleged constitutional violations in connection with SSA's mistake as to his identity. The Social Security Act provides no avenue for review of such a claim.

We have considered Mr. O'Donoghue's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5