20-3608-cv
Sibley v. Geraci

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-one.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

Montgomery Blair Sibley,

> *Plaintiff-Appellant*,

> v.                         20-3608

Honorable Frank P. Geraci, Mary C. Loewenguth, Catherine O'Hagan Wolfe,

> *Defendants-Appellees.*

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Montgomery Blair Sibley, pro se, Corning, NY. |
| FOR DEFENDANTS-APPELLEES: | Karen Folster Lesperance, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Montgomery Blair Sibley, pro se, sued the Western District of New York's Chief Judge, Frank P. Geraci, and Clerk of Court, Mary C. Loewenguth, and this Court's Clerk of Court, Catherine O'Hagan Wolfe, asserting that these Defendants violated his constitutional rights in a separate pro se action, *Sibley v. Watches*, W.D.N.Y. No. 19-cv-6517, over which Chief Judge Geraci is presiding. After filing his complaint, Sibley moved to disqualify all district judges of the Western District—including Judge Wolford, who presided over the case and entered judgment below—from further involvement in this matter pursuant to 28 U.S.C. §§ 144 and 455. The district court sua sponte dismissed Sibley's complaint as frivolous, denied leave to amend as futile, and denied Sibley's motion for reconsideration. The district court also denied the motion for disqualification as to Judge Wolford. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Motion for Recusal or Disqualification**

"We review a district court's decision to deny a recusal motion for abuse of discretion." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). The only issue preserved on appeal is the district court's denial of Sibley's motion to disqualify Judge Wolford. *See Chevron Corp. v. Donziger*, 990 F.3d 191, 203 (2d Cir. 2021) ("Arguments not raised on appeal are deemed abandoned and need not be reviewed by this Court.").

Sibley sought Judge Wolford's recusal from this action under 28 U.S.C. §§ 144 and 455.

Under Section 144, a district judge must recuse herself from a matter whenever a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To be sufficient[,] an affidavit must show the objectionable inclination or disposition of the judge . . . [and] give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Rosen v. Sugarman*, 357 F.2d 794, 798 (2d Cir. 1966) (internal quotation marks omitted). Under Section 455, a judge should recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned" and where a person "within the third degree of relationship" to her is a party.[1] 28 U.S.C. § 455(a), (b)(5)(i); *see also Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) (noting that the impartiality analysis is the same under Sections 144 and 455).

The district court did not abuse its discretion by denying Sibley's motion for recusal on these grounds. In his motion, Sibley declared under penalty of perjury that "[u]pon information and belief" and given the opportunity for discovery, he would establish that Chief Judge Geraci and Clerk Loewenguth had a close personal relationship with Judge Wolford and that the chief judge had discretion over financial and employment matters that impacted Judge Wolford's "quality of life." D. Ct. Dkt. 2 at 3. Apart from these speculative assertions, Sibley did not allege, let alone demonstrate, that Judge Wolford was biased against him nor did he allege any facts suggesting that her impartiality could be questioned. We find that Sibley's speculations were not "sufficient" to require recusal under Section 144 or to demonstrate lack of impartiality

---

[1]. A "person within the third degree of relationship" includes only those with a familial relationship, not colleagues. *See* 28 U.S.C. § 455(d)(2) ("the degree of relationship is calculated according to the civil law system"); Code of Conduct for U.S. Judges, Canon 3(C)(3)(a) (listing familial relatives who satisfy this definition according to the civil law). Sibley did not allege that the two judges were relatives.

3

under Section 455(a).  *See Rosen*, 357 F.2d at 798.

**II.    Complaint**

District courts have inherent authority to dismiss a frivolous complaint sua sponte. *Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000).  A claim is frivolous if it presents an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  We review the dismissal de novo.  *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015).

The complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all factual allegations in the complaint are assumed to be true, this tenet does not apply to legal conclusions.  *Id.*

Sibley's complaint contained many legal conclusions but only a few factual allegations, all of which related to his separate pro se action, *Sibley v. Watches*, W.D.N.Y. No. 19-cv-6517 ("*Watches*").  He alleged that: Chief Judge Geraci delayed decision on his motion to proceed in forma pauperis ("IFP") in *Watches* for 79 days, Clerk Loewenguth refused to issue a summons in the absence of either a paid filing fee or a grant of IFP status, and Clerk O'Hagan Wolfe dismissed his petition in this Court because Sibley did not file a financial affidavit per Federal Rule of Appellate Procedure 24(a)(1) and Local Rule 24.1.  Sibley also alleged that Chief Judge Geraci, as of the date he filed his complaint in this action in May 2020, had refused to rule on his IFP motion or motion for a writ of procedendo filed in *Watches*.  However, the docket attached to

Sibley's complaint contradicts this allegation, as it shows those motions were dismissed as moot in October 2019.

These factual allegations were the grounds for "indisputably meritless" legal claims, *Neitzke*, 490 U.S. at 327, because the only actions complained of were those taken by a federal judge within the scope of his judicial responsibilities and by two court clerks as part of the judicial process, and any legal claim arising out of such actions is barred by absolute judicial immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (describing judicial immunity); *Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997) (describing circumstances under which court clerks enjoy judicial immunity). We have held that "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity." *Rodriguez*, 116 F.3d at 66 (dismissing due process claim against court clerk as barred by absolute judicial immunity). All of Sibley's factual allegations concerned the district court's and this Court's control of their respective dockets. The district court thus correctly dismissed his complaint as frivolous.

We have considered all of Sibley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Andrew P. Barnes, Chief Deputy Clerk

5